Briefs.

---

## E. P. THOMPSON v. TOOMER & SYKES.

1. CHANCERY COURT — PRACTICE — APPEAL. — An appeal from the chancery court should be allowed by the chancellor, in vacation or in term time, and not by the clerk. Rev. Code, 1871, § 1257. One of several parties in interest may prosecute an appeal from the chancery court. Rev. Code, 1871, § 1258. A bond for an appeal is sufficient if signed by one of several appellants. Rev. Code, 1871, § 1261. The allowance of an appeal by the clerk in the cases provided for by Rev. Code, 1871, §§ 1256–1257, is a nullity, and this being a matter of jurisdiction will be acted upon by this court whenever the fact comes to its knowledge. It makes no difference that this is not mentioned as a ground for this motion. Whether the justification of the sureties under Rev. Code, 1871, § 1253, should appear in the record sent here, *quære?*

APPEAL from the Chancery Court of Chickasaw County. Hon. A. POLLARD, Chancellor.

This was a bill filed in the chancery court of Chickasaw county, at the December term, 1873, by the creditors of J. Y. Thompson, deceased, in the nature of a bill of review, setting up the insolvency of the estate, and that the only property remaining was the real estate, set aside as exempt, and that the same was not at the time it was set aside, and has not been since, occupied by the minor heirs to whom it was set aside in 1870 as a homestead, and asking for a sale of the same to pay debts. Defendants filed a demurrer, which was by the court overruled, and the case comes to this court on appeal.

The following is assigned for error, to wit:

"The chancery court erred in overruling the demurrer of appellants, to the bill of appellees."

*Davis & McFarland*, for appellant:

It is believed that the case of Hargroves v. Baskins, MSS. opinion, is decisive of this question, and if so, this case must be reversed.

*J. N. Carlisle*, for appellees:

The demurrer is defective. Rev. Code, 1871, § 1018. It is

not a bill of review. Code, 1871, §§ 976, 977 and 2160. The property was not exempt unless occupied; when abandoned it becomes subject to the payment of debts. Rev. Code, 1871, § 2144; Acts, 1867, p. 222; Acts, 1865, p. 137; Code, 1857, §§ 529 and 281; 39 Miss., 463; 45 Miss., 170. We have never had our day in court, and are not concluded by their *ex parte* decrees. 43 Miss., 140.

TARBELL, J., delivered the opinion of the court:

Motion to dismiss on the grounds following: 1. Want of sufficient bond on appeal; 2. Bond not signed by all the appellants, or, in fact, is signed by only one of the appellants; 3. No justification of the sureties on the appeal bond appears in the record.

For these reasons it is urged that the bond is void.

This is an appeal from a decree overruling a demurrer, which decree was rendered April 30, 1874. The petition for appeal is addressed to the clerk and dated June 26, 1874, in behalf of all the respondents.

The bond bears date, September 30, 1874, and is executed by one only of the several appellants, with two sureties. No evidence of the justification or responsibility of the sureties, or approval of the bond, is contained in the record. The bond is conditioned that the appeal shall operate as a *supersedeas*. It does not appear that the appeal was asked of or allowed by the chancellor. No objection is made to the allowance of the appeal by the clerk, or, rather, that the petition for the appeal was addressed to him. Its allowance is a matter of inference, only, from the execution of the bond, and the preparation and transmission of the record to this court.

Possibly, the mistake of counsel, in this case is, in construing § 1256 with previous sections of the code, whereas it should be construed in connection with § 1257. The appeal should have been allowed by the chancellor " in vacation or term time," but the application must have been made and the bond executed

within twenty days after the decree overruling the demurrer. The allowance of an appeal by the clerk, in the cases provided for by §§ 1256 and 1257, is a nullity, and this being a matter of jurisdiction, will be acted upon be this court whenever the fact comes to its knowledge.     It makes no difference that this is not mentioned as à ground for this motion.

One of several parties in interest may prosecute an appeal from the chancery courts, Code, § 1258, and bonds on appeal are sufficient if signed by one of the several appellants; § 1261. Whether the justification of the sureties under § 1253 should appear in the record sent here, *quere?*

As the appeal was not applied for and bond executed in accordance with the code, § 1257, the motion is sustained.